UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20043 |
| ) | |
| **FREDDELL BRYANT,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on three pre-trial motions (#33, #34, #35) filed by Defendant Freddell Bryant. This court has carefully reviewed the arguments of the parties and the authority cited by the parties. Following this careful and thorough review, Defendant's Motion in Limine (A) (#33) is DENIED, Defendant's Motion in Limine (B) (#34) is GRANTED, and Defendant's Motion for Pretrial Hearing Concerning Coconspirator Statements (#35) is DENIED.

### BACKGROUND

On April 4, 2007, Defendant was charged by indictment (#1) with: (1) knowingly and intentionally conspiring with others, from on or about October 2003 continuing through at least March 2007, to possess with intent to distribute and to distribute a mixture and substance containing cocaine and cocaine base ("crack"), both of which are Schedule II controlled substances, the conspiracy involving 500 grams or more of a mixture and substance containing cocaine and 50 grams or more of a mixture and substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) & (B); (2) knowingly possessing, on or about July 12, 2004, 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii); (3) knowingly possessing a firearm in furtherance of the crime of conspiracy to distribute and to possess

with intent to distribute cocaine and cocaine base ("crack") as charged in Count 1, in violation of 18 U.S.C. § 924(c); and (4) knowingly possessing a firearm after having been previously convicted in a court in the State of Illinois of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Defendant is represented by retained counsel, Robert L. Rascia, and has been detained pending trial. On November 16, 2007, this court granted defense counsel's oral motion for a psychiatric examination. On March 3, 2008, following receipt of the psychiatric examiner's report, this court found Defendant fully competent to assist counsel at trial.

On May 27, 2008, Defendant filed a Motion to Suppress (#15), and an evidentiary hearing was held on July 21, 2008. On October 24, 2008, following briefing by the parties, this court entered an Opinion (#25) which denied Defendant's Motion to Suppress. Several status conferences were subsequently held. At a status conference on December 30, 2008, Defendant requested a jury trial and a jury trial was scheduled to commence on March 25, 2009. A final pretrial conference is scheduled for March 12, 2009, at 4:00 p.m.

## ANALYSIS

## MOTION IN LIMINE (A)

On February 23, 2009, Defendant filed his Motion in Limine (A) (#33). Defendant stated that he was notified that the Government intends to call an unspecified law enforcement agent as an expert witness to testify about narcotics distributors and their methodologies. Defendant argued that this testimony is not likely to be admissible under Rule 702 of the Federal Rules of Evidence and the standard set out by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Defendant cited United States v. Garcia, 439 F.3d 363 (7th Cir. 2006), and argued that expert testimony regarding narcotic activity can be considered inadequately scientific. Defendant argued that this type of witness "will be testifying as to his own untested, unqualified and unscientific

experiences." Defendant asked this court to prohibit the testimony of any prosecution witness represented to be an expert in narcotics distribution.

On March 4, 2009, the Government filed its Response to Defendant's Motion in Limine (A) (#47). The Government stated that it intends to introduce evidence at trial of the conspirators drug trafficking activities, including the seizure of cocaine and cocaine base ("crack"), two-way radios, digital scales, firearms, drug packaging materials, a vacuum sealer, a currency counter, and amounts of cash. The Government stated that it also intends to introduce evidence that the conspirators distributed cocaine and cocaine base ("crack") on a "front" or consignment basis. The Government stated that, to assist the jury in understanding this evidence, it intends to present specialized testimony from law enforcement witnesses based on their training and experience, including DEA Special Agent Chris McGuire, Vermilion County Sheriff's Deputy Pete Miller, and Illinois State Police Trooper Lisa Crowder. The Government pointed out that courts, including the Seventh Circuit, have consistently held that law enforcement officers may testify as experts based on their training and experience concerning the methods and operations of drug traffickers under Rule 702 of the Federal Rules of Evidence following <u>Daubert</u> and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999).

The Government argued that the jurors will be assisted by law enforcement testimony based upon their training and experience discussing the appearance of cocaine and cocaine base ("crack"), the street value of the seized cocaine, results of field tests of the cocaine, and how digital scales, firearms, two-way radios, packaging materials, cash, vacuum sealers, and currency counters are used as tools of the trade by drug traffickers. The Government also argued that the jurors will be assisted by testimony explaining the use of concealment methods, "fronts," stash houses, street slang, and code words in the distribution of controlled substances, and the history and structure of street gangs used to distribute cocaine. The Government argued that, in addition, the jurors will be assisted by testimony informing then as to personal use amounts of cocaine and cocaine base ("crack") versus

distribution amounts. The Government asked this court to deny Defendant's Motion in Limine (A) and permit the law enforcement expert testimony detailed by the Government.

Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed R. Evid. 702. The Seventh Circuit recently stated that it has "consistently held that because most jurors are unfamiliar with the specifics of the drug trade, expert testimony related to the mechanics of drug sales is permissible." United States v. Millbrook, 553 F.3d 1057, 1065 (7th Cir. 2009), citing United States v. Glover, 479 F.3d 511, 516 (7th Cir. 2007); United States v. Cruz-Velasco, 224 F.3d 654, 660 (7th Cir. 2000). The Seventh Circuit has explained:

> [T]he operations of drug dealers are generally an appropriate subject for expert testimony. Because the clandestine nature of narcotics trafficking is likely to be outside the knowledge of the average layman, law enforcement officers may testify as experts in order to assist the jury in understanding these transactions.

United States v. Nobles, 69 F.3d 172, 183 (7th Cir. 1995) (quotations and citations omitted); see also United States v. Avila, Case No. 07-2404 (7th Cir. March 6, 2009), slip op. at 20.

In Garcia, the case relied upon by Defendant, the Government presented a witness who qualified as an expert in narcotics trafficking to testify regarding common practices in structuring drug deals. Garcia, 439 F.3d at 365. Over the defendant's objection, the district court allowed the witness to testify that "none of the more than one hundred drug transactions he had personally observed had involved an innocent adult present at the scene." Garcia, 439 F.3d at 365. The

4

defendant appealed his conviction and argued that he was deprived of his "presumption of innocence" by the admission of the witness's expert testimony. Garcia, 439 F.3d at 366. The Seventh Circuit rejected the argument, concluding that the defendant failed to demonstrate that the testimony impacted the presumption of innocence. Garcia, 439 F.3d at 366. The court noted that "we have relied upon and repeatedly upheld the admission of testimony of the same general nature concerning 'common practices of drug dealers and how typical drug sales occur.'" Garcia, 439 F.3d at 366. The court did state that the testimony presented in that case, that innocent persons are not present during drug transactions, "might be impeached as inadequately scientific" under Rule 702. Garcia, 439 F.3d at 366. The court noted that this possibility could not help the defendant because he did not raise a proper Rule 702 objection in the district court. Garcia, 439 F.3d at 366. In its Response, the Government noted that it does not intend to offer the kind of expert testimony offered in Garcia so that the concerns mentioned that such testimony might be impeached as inadequately scientific are not present here.

This court therefore agrees with the Government that Garcia does not support Defendant's argument that this court should not allow expert law enforcement testimony regarding drug trafficking based upon the law enforcement agents' training and experience. However, in a case involving expert testimony regarding drug transactions, the Seventh Circuit recently recognized that district courts must conduct the inquiry required by Rule 702 every time any expert proposes to testify. United States v. Moore, 521 F.3d 681, 684 (7th Cir. 2008), citing Kumho Tire Co., 526 U.S. at 153-57. The court in Moore set out Rule 702's three questions: (1) whether the witness's view "is based upon sufficient facts or data"; (2) whether it is "the product of reliable principles and methods"; and (3) whether the "witness has applied the principles and methods reliably to the facts of the case." Moore, 521 F.3d at 683. In Moore, the Seventh Circuit concluded that the right questions were not asked in the district court, so it could not know whether the witness should have been allowed to testify. Moore, 521 F.3d at 685. The court concluded there was no error in the

district court because a "judge is not obliged to look into the questions posed by Rule 702 when neither side requests or assists." Moore, 521 F.3d at 685.

Based upon the applicable case law, this court concludes that the type of expert witness testimony the Government intends to present has generally been held admissible because it is assists the jury. Therefore, this court will not enter an order barring this kind of testimony and Defendant's Motion in Limine (A) (#33) is DENIED. However, because Defendant has raised the issue of Rule 702's requirements, this court will only allow the testimony at trial if the Government makes the required showing as to each of the three questions raised by Rule 702 for each proposed expert witness. See Moore, 521 F.3d at 683-85.

## MOTION IN LIMINE (B)

On February 23, 2009, Defendant also filed a Motion in Limine (B) (#34). Defendant asked this court to enter an order prohibiting the introduction of any evidence or testimony regarding an April 5, 2007 Danville Police Report implicating Defendant in a homicide. Defendant stated that the police report contained a narrative with an unidentified subject who provided information implicating Defendant in a homicide which occurred on an undisclosed date. Defendant argued that this evidence is not admissible under Rule 404(b) of the Federal Rules of Evidence based upon the applicable standard.

On March 4, 2009, the Government filed its Response to Defendant's Motion in Limine (B) (#48). The Government stated that it "does not intend to present evidence of this homicide during the defendant's trial, nor does it intend to present evidence from this potential witness implicating the defendant in the Danville homicide." Based upon this representation by the Government, Defendant's Motion in Limine (B) (#34) is GRANTED.

The Government did note that it does intend to call a separate witness who has stated that Defendant told the witness that Defendant had bought guns, was planning on shooting certain individuals, and had shot individuals over drug deals. The Government also stated that other

6

witnesses have stated that Defendant possessed and/or brandished guns during the time frame of the conspiracy. The Government stated that these witness statements have been provided to Defendant's counsel and that it intends to introduce this testimony because it is required to prove that Defendant possessed a firearm in furtherance of a drug trafficking crime.

## MOTION FOR PRETRIAL HEARING

On February 23, 2009, Defendant filed a Motion for Pretrial Hearing Concerning Coconspirator Statements (#35). Defendant noted that statements of coconspirators may be admissible under the exception to the hearsay rule set forth in Rule 801(d)(2)(E) as statements made by coconspirators during the course of and in furtherance of the alleged scheme. Defendant further stated that, before such statements are admitted, the court must make a preliminary determination as to their admissibility. See Bourjaily v. United States, 483 U.S. 171, 175 (1988). Defendant stated that this preliminary determination may be made on the basis of a proffer submitted by the Government or by requiring a hearing on the issue. See United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991). Defendant acknowledged that the Seventh Circuit has stated that a proffer by the Government is the preferred procedure and has discouraged the practice of permitting a "full blown" hearing as inefficient and potentially duplicative. See Cox, 923 F.2d at 526. Defendant argued, however, that "this case presents an exceptional circumstance where . . . a hearing will not only result in greater judicial efficiency, but also avoid substantial prejudice" to Defendant.

On March 4, 2009, the Government filed its Response (#49) to Defendant's Motion. The Government stated that it anticipates requesting to admit very few, if any, coconspirator statements pursuant to Rule 801(d)(2)(E). The Government argued that holding a preliminary hearing for these few statements would not be efficient, necessary or justified. The Government pointed out that Defendant did not elaborate or explain why this case is "exceptional." The Government argued that Defendant's bare and conclusory claim does not support Defendant's request that this court abandon the preferred and tested proffer procedure set out in United States v. Santiago, 582 F.2d 1128 (7th

Cir. 1978). See Cox, 923 F.2d at 526. The Government requested, pursuant to Santiago, that it be permitted to proffer the coconspirator statements that it intends to introduce at trial and that this court only admit the statements subject to its later determination that, based on all the evidence admitted at trial, the Government has proved the requisite foundational elements by a preponderance of the evidence.

This court agrees with the Government that Defendant has not shown that a hearing is necessary. Therefore, this court agrees that the procedure set out in Santiago should be followed in this case. Accordingly, Defendant's Motion for Pretrial Hearing Concerning Coconspirator Statements (#35) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine (A) (#33) is DENIED.

(2) Defendant's Motion in Limine (B) (#34) is GRANTED

(3) Defendant's Motion for Pretrial Hearing Concerning Coconspirator Statements (#35) is DENIED.

(4) This case remains scheduled for a final pretrial conference on March 12, 2009, at 4:00 p.m. and a jury trial to commence on March 25, 2009.

ENTERED this 9th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE