UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FREDDELL BRYANT,<br><br>  Defendant. | No. 07-20043 |

**MOTION FOR REDUCED SENTENCE UNDER
SECTION 404(b) OF THE FIRST STEP ACT**

The Defendant, Freddell Bryant, by his attorney, Thomas W. Patton, files this Motion for a Reduced Sentence under Section 404(b) of the First Step Act.[1]

**I.   Background**

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine required to enhance the statutory minimum and maximum sentences for a violation of 21 U.S.C. § 841(a)(1). Before the Act, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment, and an offense involving 5 grams of crack cocaine triggered a 5-year mandatory minimum sentence and a statutory maximum of 40 years of imprisonment.

---

[1] On March 2, 2020, counsel received a letter from Mr. Bryant stating that Mr. Bryant intended to file his own motion for a reduced sentence after the Seventh Circuit issues its opinion in *United States v. Shaw*, et al., Nos. 19-2067, 19-2069 & 19-2078 (7th Cir.). Since Mr. Bryant has not asked the Court to proceed *pro se* and the Court has directed counsel to file a motion by Wednesday, April 15, 2020, counsel files this motion.

1

*Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006).

Section 2 of the Fair Sentencing Act amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams and amended § 841(b)(1)(B)(iii) by striking 5 grams and inserting 28 grams. Public Law 111-220; 124 Stat. 2372, § 2. So it now takes 280 grams of crack to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams of crack to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *Dorsey*, 567 U.S. at 269. The Supreme Court determined the Fair Sentencing Act applied to any defendant who had not been sentenced as of the Act's effective date of August 3, 2010. *Id.* at 281. The Act did not apply retroactively to defendants sentenced prior to August 3, 2010. *Id.*

In December 2018, the president signed the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Section 404 of that Act makes retroactive the changes that the Fair Sentencing Act made to the crack provisions of § 841(b)(1)(A) and (B) by permitting courts to reduce prisoners' sentences accordingly.

Section 404(b) of the First Step Act directs that "[a] court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the Louise the covered offense was committed." A "covered offense" is defined under section 404(a) as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[2] that was committed before August 3, 2010."

---

[2] Section 3 of the FSA eliminated the mandatory minimum sentence for simple possession of crack cocaine in 21 U.S.C. § 844(a).

Section 404(c) places only two limitations on a court's ability to impose a reduced sentence. First, if the defendant's sentence was imposed or previously reduced in accordance with the amendment made by sections 2 and 3 of the Fair Sentencing Act, the defendant cannot receive a reduced sentence. Second, if the Court has already rejected a motion filed under § 404 of the First Step Act "after a complete review of the motion on the merits," the defendant cannot ask for a second bite at the apple.

**II.     Mr. Bryant is eligible for a reduced sentence**

On April 4, 2007, a four-count indictment was filed against Mr. Bryant in the U.S. District Court. PSR ¶ 1. Count 1 charged Mr. Bryant with conspiracy to distribute 500 or more grams of cocaine and 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). Count 2 charged Mr. Bryant with possession of 500 grams or more of cocaine with the intent to distribute. 21 U.S.C. § 841(a) and 841(b)(1)(B). Count 3 charged Mr. Bryant with possession of a firearm in furtherance of a controlled substance offense. 18 U.S.C. § 924(c). And Count 4 charged Mr. Bryant with being a felon in possession of a firearm. 18 U.S.C. § 922(g). PSR ¶ 1. Mr. Bryant pled guilty to Counts 1, 2, and 3 of the indictment on March 24, 2009, pursuant to a written plea agreement. PSR ¶ 4.

On February 13, 2009, the government filed a notice to use two prior convictions to enhance Mr. Bryant's mandatory minimum sentence pursuant to 21 U.S.C. § 851. PSR ¶ 3. Thus, under the law at the time, Mr. Bryant faced a mandatory minimum sentence of life imprisonment on Count 1, ten years to life imprisonment on Count 2, and five years to life on Count 3, to run consecutively on Counts 1 and 2. PSR ¶¶ 109-111.

Mr. Bryant's guideline range was based on the Drug Quantity Table. PSR ¶ 41. In total he was found to be responsible for 10.2 kilograms of crack cocaine and 87.5 kilograms of powder cocaine, which resulted in a marijuana equivalency of 221,500 kilograms and a base offense level of 38. PSR ¶ 31. The base offense level was enhanced under Section 3B1.1 because Mr. Bryant was a leader/organizer of the criminal activity, resulting in a four-level enhancement. PSR ¶ 44. Therefore, his adjusted offense level was 40. PSR ¶ 50.

Mr. Bryant was found to have a criminal history category of VI. PSR ¶ 66. Thus, with a total offense level of 40, and a criminal history category VI, Mr. Bryant's Guidelines range was 360 months to life imprisonment. This was increased to life imprisonment given the mandatory minimum of life on Count 1. PSR ¶ 112.

At Mr. Bryant's sentencing, the government made a motion under 18 U.S.C. § 3553(e) for a downward departure from the mandatory minimum of life.[3] Mr. Bryant was then sentenced to a term of 240 months imprisonment on Counts 1 and 2, to run consecutively to 60 months on Count 3, for a total sentence of 300 months imprisonment, to be followed by a ten year term of supervised release. R. 74.

Mr. Bryant is eligible for a reduced sentence under section 404 of the First Step Act. The court imposed the original sentence for a "covered offense" because Mr. Bryant committed the offense before August 3, 2010, and the statutory penalty for

---

[3] Because this motion discusses Mr. Bryant's cooperation, and widespread knowledge of that cooperation could put Mr. Bryant in danger in the Bureau of Prisons, he asks that this motion be filed under seal.

distribution of 50 or more grams of crack under section 841(b)(1)(A) was modified by section 2 of the Fair Sentencing Act.

Section 404(b) of the First Step Act permits a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." The court thus has the authority to impose a reduced sentence as if section 2 of the Fair Sentencing Act was in effect at the time the offense was committed.[4]

### III. The Court should reduce Mr. Bryant's prison term to reflect a Guidelines range of 360 months, minus the value of the government's motion for downward departure under U.S.S.G. § 5K1.1.

Under the Fair Sentencing Act, part of Mr. Bryant's offense of conviction under Count 1—conspiracy to possess with intent to distribute and to distribute 50 or more grams of crack cocaine—would be punishable by imprisonment of 10 years to life. 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(B).

---

[4] To the extent that the government will argue that Mr. Bryant did not commit a "covered offense," that argument will likely be resolved by *United States v. Shaw*, et al., Nos. 19-2067, 19-2069 & 19-2078 (7th Cir.). *Shaw* was argued in mid-December 2019 but the Seventh Circuit has not yet issued a decision. However, four courts of appeals have in published decisions agreed with Mr. Bryant's legal position. *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019); *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019); *United States v. Beamus*, 943 F.3d 789 (6th Cir. 2019); *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019). Under those cases, Mr. Bryant committed a "covered offense" and so is eligible for a sentence reduction. Moreover, on March 31, 2020, this Court issued an Order in case 01-CR-20035 that appears to have rejected the government's argument that because the offense still involves over 280 grams cocaine Mr. Bryant is ineligible for a First Step Act reduction. Although the Court declined to reduce the defendant's term of incarceration in case 01-CR-20035, the Court appears to have done so based on its discretionary authority to grant or deny a First Step Act reduction. This conclusion is supported by the fact that the Court did agree to reduce the term of supervised release in case 01-CR-20035 despite the government's extensive objection that the defendant was ineligible because his offense involved more than 280 grams of crack cocaine. Accordingly, to the extent that the government may argue that Mr. Bryant is ineligible for a reduced sentence because his offense involved more than 280 grams of crack cocaine, that argument should be rejected.

His Guidelines range would also be reduced. His Guidelines range should have been 360 months to life imprisonment, but it was increased to life imprisonment due to the application of the statutory mandatory minimum on Count 1. PSR 112. Had the mandatory minimum of life imprisonment not applied, it is reasonable to assume based on the government's normal practice and procedure in cases involving substantial assistance by a defendant that the departure motion would have been made under U.S.S.G. § 5K1.1 as opposed to 18 U.S.C. § 3553(e), and the calculation would have started at the low end of the Guidelines range, i.e. 360 months. In the present case, the Court should therefore impose a reduced sentence of 360 months minus the value of the cooperation departure made by the government at the original sentencing in this case. Mr. Bryant was 32 years old when he was sentenced. According to the 2010 life expectancy tables published by the Centers for Disease Control and Prevention, as a 32-year-old black male, Mr. Bryant had a life expectancy of 43.3 years. That translates to 519 months. That was what a life sentence meant to Mr. Bryant when he was sentenced. A reduction to 300 months represents a 58% reduction. A comparable reduction from a total sentence of 420 months (360 + 60) would be 239.4 months.

Due to Mr. Bryant's eligibility for a reduction, Mr. Bryant believes that a total sentence of 240 months (a 60 month reduction) is reasonable and appropriate. A total sentence of 240 months would represent a sentence of 180 months on Counts 1 and 2; 60 months higher than Mr. Bryant's current statutory mandatory minimum term of imprisonment. Additionally, a sentence of 240 months still takes into account the

mandatory consecutive sentence of 60 months that Mr. Bryant is required to serve under Count 3. This reduction is consistent with Judge McCuskey's original sentence.

It is worthwhile for the Court to consider the First Step Act eliminated mandatory life sentences under 21 U.S.C. § 841(b)(1)(A). First Step Act, § 401(a)(2)(A)(ii). Now, a violation of 21 U.S.C. § 841(b)(1)(A) after 2 or more prior convictions for a serious drug felony have become final results in a mandatory minimum of 25 years, not life imprisonment. *Id*. So, if Mr. Bryant were sentenced today he would not face a mandatory sentence of life.

The First Step Act's changes to § 841(b)(1)(A) are not retroactive, so the Court cannot independently reduce Mr. Bryant's sentence based on that change. But Congress' decision that mandatory life in drug cases is bad policy is surely relevant to the Court's determination of whether or not the § 3553(a) factors warrant relief.

### IV. The Court should reduce Mr. Bryant's term of supervised release from 10 years to 8 years

Mr. Bryant's sentence currently includes a 10 year term of supervised release on Count 1. That term should be reduced to 8 years after the Fair Sentencing Act, to run concurrently with the 8 year term of supervised release imposed on Count 2, and the 5 year term of supervised release imposed on Count 3. 21 U.S.C. § 841(b)(1)(B).

Respectfully submitted,

FREDELL BRYANT
Defendant

BY:   /s/ Thomas W. Patton
       Federal Public Defender
       401 Main Street, Suite 1500
       Peoria, Illinois 61602
       Telephone: (309) 671-7891
       Facsimile: (309) 671-7898
       Email: Thomas_Patton@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

    /s/ Thomas W. Patton
    THOMAS W. PATTON
    Federal Public Defender